IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CAMPANELLA D'ANGELO, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | CIVIL ACTION NO.: 7:11-CV-3 (HL) |
| | : | |
| DERRICK D. SCHOFIELD, *et al.*, | : | |
| | : | **ORDER** |
| Defendants | : | |

Plaintiff **CAMPANELLA D'ANGELO**, an inmate at Valdosta State Prison in Valdosta, Georgia, has filed a "Motion for Relief from Judgment Under Rule 60." (ECF No. 7).

**I. Federal Rule of Civil Procedure 60: Standard**

Fed. R. Civ. P. 60(a) allows for the Court to "correct a clerical mistake or a mistake arising from oversight or omission, whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason justifying relief from the operation of the judgment.

"A Rule 60(b) movant 'must demonstrate a justification for relief so compelling that the district court [is] required to grant his motion'." *Pearson v. James*, No. 1:06-CV-2578-TWT, 2007 U.S. Dist. LEXIS 6140 at *3 (N. D. Ga. Jan. 26, 2007) (*quoting Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996)). Furthermore, "[a] Rule 60(b) motion is committed to the sound discretion of the district judge." *Id*.

**II. Federal Rule of Civil Procedure: Application**

Plaintiff filed a "Petition for a Declaratory Judgment" in this Court on January 7, 2011 in which he complained about the grievance procedure at Valdosta State Prison and alleged that the Georgia Department of Corrections' rules and regulations relating to the grievance procedure were unconstitutional. (ECF No. 2). Plaintiff also moved leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). (ECF No. 1).

In an Order dated March 2, 2011, the Court denied Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). (ECF No. 4). Plaintiff had at least four prior civil actions that were dismissed for failure to state a claim, failure to exhaust administrative remedies, an abuse of the judicial process, or as frivolous pursuant to 28 U.S.C. §1915 and Plaintiff failed to show that he was "under imminent danger of physical injury." 28 U.S.C. § 1915(g). Plaintiff's complaint was dismissed without prejudice and judgement was entered on March 3, 2011. (ECF No. 5).

On January 25, 2012, over ten months later, Plaintiff filed a "Motion for Relief from Judgment Under Rule 60." (ECF No. 7). In this motion, Plaintiff maintains that the three-strike provision of 28 U.S.C. § 1915(g) applies only to actions brought under 42 U.S.C. § 1983, not to his "Petition for a Delcaratory Judgment." This is incorrect, the clear language of the statute shows that it applies to all "civil action[s] and appeal[s]." 28 U.S.C. § 1915(g); *see also Judd v. Sec'y of Ala.*, No. 2:11cv437-MHT, 2011 U.S. Dist. LEXIS 140839 at *2 (M. D. Ala. Dec. 7, 2011) (A prisoner sought a declaratory judgement and the court dismissed under 28 U.S.C. § 1915(g), explaining that § 1915(g) "does not, but its terms, limit its applicability to prison-conditions suits. It bars a prisoner

2

with three strikes from proceeding *in forma pauperis* in 'a civil action'."). Therefore, regardless of how Plaintiff captions his civil action, the statute applies.

Plaintiff alleges that a dismissal for "failure to exhaust administrative remedies . . . cannot be counted against" him.  This too is incorrect.  *Rivera v. Allin*, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Buckle v. Daniels*, No. 10-80300, 2010 U.S. Dist. LEXIS 43614 at *5 (S. D. Fla. April 7, 2010).  Furthermore, Plaintiff would still have three strikes even if the one case that was dismissed for failure to exhaust did not count as a strike under 28 U.S.C. § 1915(g).

Plaintiff claims that several of the cases this Court counted as strikes (*D'Angelo v. Kiles*, 6:08-CV-73 (BAE) (S.D. Ga. December 22, 2008); *D'Angelo v. Taylor*, 6:08-CV-57 (BAE) (S.D. Ga. August 3, 2003); and *D'Angelo v. Kiles*, 6:08-CV-55 (BAE) (S.D. Ga. January 8, 2009)) were "erroneously" dismissed for failing to state a claim upon which relief may be granted.  Plaintiff should have addressed any alleged "errors" in these cases by appealing the cases themselves.  He did not do so and these dismissals count as strikes for purposes of 28 U.S.C. § 1915(g).

Finally, the Court explained in its March 2, 2011 Order that Plaintiff's action was being dismissed without prejudice and Plaintiff could re-file by submitting a new complaint and paying the entire $350.00 filing fee.  The Court, however, warned Plaintiff that his "complaint regarding the grievance process fails to state a viable constitutional claim."  (ECF No. 4 at 2).  Plaintiff disagrees and again claims that Defendant Philbin is denying him due process by not processing his grievances.  Plaintiff is incorrect.  The Eleventh Circuit recently reiterated that "an inmate has no constitutionally-protected liberty interest in access to [the prison's grievance] procedure." *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011).

Plaintiff has not made a sufficient showing to secure relief under Fed. R. Civ. P. 60.  There

is no evidence of a "clerical mistake or a mistake arising from oversight or omission," "excusable neglect," "newly discovered evidence," or fraud. Fed. R. Civ. P. 60(a)-(b). Similarly, there is no indication that the judgment is void, satisfied, released, or discharged. Fed. R. Civ. P. 60 (b). Finally, Plaintiff has failed to show any other "reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Therefore, Plaintiff's "Motion for Relief from Judgment Under Rule 60" is **DENIED.**

**SO ORDERED**, this 16th day of April, 2012.


*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE


lnb