**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**CAMPANELLA D'ANGELO,**

    Plaintiff,

v.

**DERRICK SCHOFIELD, et al.**,

    Defendants.

Civil Action No. 7:11-CV-3 (HL)

**ORDER**

Before the Court is Plaintiff's Motion to Reopen the Time to File a Notice of Appeal (Doc. 22). Plaintiff asserts that he did not receive notice of the Court's Order of April 16, 2012 (Doc. 10) denying his Federal Rule of Civil Procedure 60 motion until the Eleventh Circuit's decision on November 20, 2013 (Doc. 21) denying his mandamus petition. Therefore, Plaintiff moves this Court to re-open the time for him to appeal the denial of the Rule 60 motion. Because Plaintiff does not meet the requirements on Federal Rule of Appellate Procedure 4, his motion must be denied.

Under Rule 4, a district court may re-open the time for filing an appeal "only if *all* the following conditions are" met:

> (A) The court finds that the moving party did not receive notice…of the entry of the judgment or order sought to be appealed within 21 days after entry;

  (B)  The motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party received notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

  (C)  The court finds that no party would be prejudiced.

Fed. R. App. Pro. 4(a)(6) (emphasis added).

  Plaintiff's motion must be denied because it does not meet the second condition. The "earlier" date for calculating the deadline for Plaintiff to file a motion to re-open the time for an appeal was October 13, 2012, that is, 180 days after the April 16, 2012 Order denying the Rule 60 motion.[1] Plaintiff did not file his motion seeking to have the time to appeal re-opened until February 7, 2014, much later than 180 days of the Court's Order. Since Plaintiff failed to bring this motion within the time limits set by Rule 4, it is denied.

  **SO ORDERED**, this the 14th day of February, 2014.

           <u>*/s/ Hugh Lawson*</u>
           **HUGH LAWSON, SENIOR JUDGE**

scr

---

[1] Plaintiff's motion would also be untimely when calculated from the date of the Eleventh Circuit's decision on his mandamus petition, which he contends is the first time he had notice of the April 2012 Order.